**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE A. MANCINAS-FRANCO, | ) | CASE NO. SA CV 12-00843 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

   Plaintiff Jose A. Mancinas-Franco, a construction worker, tore the rotator cuff in his left shoulder. The tear was repaired surgically, but Plaintiff was unable to return to construction work. The Social Security Commissioner denied his application for Title II disability benefits, and Plaintiff now brings this action seeking to overturn the Commissioner's decision. Plaintiff asserts a single claim: that the Commissioner's delegate, the Administrative Law Judge, improperly assessed his subjective symptom testimony.

   If a claimant alleges "excess pain" and produces medical evidence of an impairment which reasonably could be expected to produce the pain alleged, then the administrative law judge may reject the claims of pain only if he makes specific findings stating clear and convincing reasons for doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). Plaintiff references

this legal standard, as did the Administrative Law Judge. [AR 29-30] The Court perceives no error in the Administrative Law Judge's statement of the applicable law.

Nor does the Court see any error in the application of that law. Plaintiff identifies no testimony from the hearing that the Administrative Law Judge did not consider. Plaintiff was represented by counsel at the hearing, yet Plaintiff's counsel adduced no evidence of pain that was so obstructing that Plaintiff could not work. Plaintiff does make mention, in his Memorandum in Support of Complaint, of a portion of his questionnaire where he said that he had to work slowly and sometimes had to take breaks frequently. While the Administrative Law Judge did not reference this specific portion of the questionnaire, he was not required to address every piece of evidence in the record. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). There was plenty of evidence cited by the Administrative Law Judge that Plaintiff could work; the doctors suggested limitations on work [AR 30, citing Dr. Yian], but no evidence from any of them suggested that Plaintiff could not perform the kind of work identified by the vocational expert, and adopted by the Administrative Law Judge. The Administrative Law Judge noted several tasks that Plaintiff performed despite assertions of pain [AR 31], and some of these, such as working on cars and performing yard chores, clearly were inconsistent with the notion that Plaintiff could do no work at all. The Administrative Law Judge did, of course, make accommodation for the fact that Plaintiff had had rotator cuff surgery, limiting Plaintiff to jobs that did not involve overhead reaching with his left arm or any kind of significant lifting with that arm. [AR 29]

There was no error of law, and substantial evidence supported the Administrative Law Judge's decision. The decision is affirmed.

DATED: April 24, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE